**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOHN EDWIN MONTENEGRO SALAZAR,

Petitioner,

v.

WARDEN FMC ROCHESTER,

Respondent.

Case No. 26-cv-2662 (LMP/DJF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

John Edwin Montenegro Salazar, pro se.

David W. Fuller and Perry Sekus, **U.S. Attorney's Office, Minneapolis, MN** for Respondent.

Petitioner John Edwin Montenegro Salazar seeks habeas relief affirming his eligibility for First Step Act Earned Time Credits ("FTCs"). ECF No. 1. United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") recommending that the Court deny the petition because Salazar[1] is statutorily ineligible for FTCs. ECF No. 17. Salazar objected. ECF No. 18. For the reasons explained below, the Court adopts the R&R and dismisses Salazar's petition.

---

[1] Although Respondent's briefing (ECF No. 12) and the R&R (ECF No. 17) refer to Petitioner as "Montenegro Salazar," the Court addresses Petitioner as "Salazar," which is consistent with how he referred to himself in his Response and Objections to the R&R (ECF No. 18).

**ANALYSIS**

After an R&R issues, any party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Those portions of the R&R that are properly and specifically objected to are reviewed by the Court de novo. *Id.* 72(b)(3).

Salazar does not object to the facts presented in the R&R, so the Court will briefly recite the relevant background here. Salazar is a Columbian national and citizen. ECF No. 13-2 at 1. In 2019, federal officials extradited Salazar from Central America to the United State to prosecute him for conspiracy to manufacture and distribute cocaine. *See* ECF No. 1 at 6; ECF No. 13-2 at 1. Salazar pleaded guilty and is serving a 108-month sentence. ECF No. 13-1 at 2. United States Immigration and Customs Enforcement ("ICE") issued a final order of removal as to Salazar on September 4, 2025. ECF No. 13-2. Before the order of removal, Salazar had accrued 365 days of FTCs, so his release date was projected to be July 8, 2026. ECF No. 16 at 3. But now that Salazar is subject to a final order of removal, the Bureau of Prisons has determined that he cannot apply FTCs to reduce his sentence. ECF No. 13 ¶ 4. Without the FTCs, Salazar is now projected to be released on July 8, 2027. ECF No. 13-1 at 2; ECF No. 16 at 1.

FTCs ordinarily must be applied to incarcerated individuals who have earned them. 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned . . . shall be applied toward time in prerelease custody or supervised release."). But individuals subject to a final order of removal are statutorily ineligible to apply FTCs toward an early release date. *Id.* § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the

immigration laws."). Because a final order of removal has been issued, Salazar is not entitled to FTCs. *Gonzalez v. United States*, No. 25-cv-3938 (LMP/DLM), 2025 WL 3687977, at *1 (D. Minn. Dec. 19, 2025); *Chocon-Gomez v. King*, No. 24-cv-2737 (KMM/TNL), 2024 WL 5381457, at *2 (D. Minn. Sep. 26, 2024), *report and recommendation adopted*, 2025 WL 289203 (D. Minn. Jan. 24, 2025).

Salazar makes several objections to the R&R that boil down to two requests: (1) for judicial review of his removal order, and (2) for the FTCs he earned before his removal order to apply to his sentence. ECF No. 18 at 1, 3.

As to the first objection, the Court lacks jurisdiction to review Salazar's order of removal. The law is clear that "no court shall have jurisdiction to hear any cause or claim . . . arising from the decision or action by the Attorney General to . . . execute removal orders." 8 U.S.C. § 1252(g). Without directly challenging the final order of removal, Salazar contends that how he came to the United States should dictate his eligibility for FTCs. Salazar asks whether he is a "legal or illegal citizen," ECF No. 18 at 1, whether the United States can extradite him and then "declare him . . . an illegal alien," *id.*, and for the Court to confront "the legality of his [f]inal order of deportation," *id.* at 3. These questions amount to the same request for judicial review of Salazar's removal order. The Court lacks jurisdiction to reach those issues. *See Chocon-Gomez*, 2024 WL 5381457, at *2 (concluding that "this Court lacks jurisdiction to review the legality of any final order of removal").

Salazar's second objection asks for an order requiring the Bureau of Prisons to reinstate the FTCs he earned before his order of removal. ECF No. 18 at 3. But FTCs "are

not a general entitlement and the mere opportunity to earn credit toward the satisfaction of a sentence does not create a protected liberty interest." *Purdy v. LeJeune*, No. 22-cv-2821 (JRT/ECW), 2023 WL 4561334, at *15 (D. Minn. July 17, 2023), *report and recommendation adopted*, 2023 WL 5039748 (D. Minn. Aug. 8, 2023). FTCs are subject to various conditions and "are not applied to an inmate's projected release date until closer to release because of the possibility conditions might change." *Id.* Conditions change when a person becomes subject to an order of removal. *See Jenkins v. Segal*, No. 23-cv-0425 (WMW/DTS), 2023 WL 7131024 (D. Minn. Oct. 30, 2023). Regardless of when FTCs are earned, a person is ineligible to apply them to reduce their sentence once an order of removal is entered. *See Gonzalez*, 2025 WL 3687977, at *2. While Salazar frustratingly has watched his projected release date move from 2026 to 2027, that release date was only ever "projected," not absolute. *Id.* Because the "statute does not differentiate eligibility based upon *when* the deportation was ordered," *Jenkins*, 2023 WL 7131024, at *2, Salazar is ineligible to apply any FTCs earned—even if they were earned before the removal order was entered.

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. John Edwin Montenegro Salazar's Response and Objections to the Report and Recommendation (R&R) (ECF No. 18) is **OVERRULED**;

2. The R&R (ECF No. 17) is **ADOPTED**; and

3. John Edwin Montenegro Salazar's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 6, 2026

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge